UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-60805-CIV-COHN/SELTZER

LOUIS VUITTON MALLETIER, S.A.,

      Plaintiff,

vs.

JIAN WANG, DA WEI and DOES 1-10,

      Defendants.
_____/

## ORDER GRANTING *EX PARTE* APPLICATION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court on Plaintiff's *Ex Parte* Application for Entry of a Temporary Restraining Order and Preliminary Injunction [DE 6] ("*Ex Parte* Application"). The Court has carefully considered the *Ex Parte* Application and is otherwise advised in the premises.

Plaintiff, Louis Vuitton Malletier, S.A., ("Louis Vuitton") moves *ex parte*, pursuant to 15 U.S.C. § 1116 and Rule 65 of the Federal Rules of Civil Procedure, for entry of a Temporary Restraining Order, and, upon expiration of the temporary restraining order, a preliminary injunction against Defendants Jian Wang, Da Wei and Does 1-10 (collectively "Defendants") doing business as the domain names identified on Schedule "A" hereto (the "Subject Domain Names"), for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d).

### I.    Factual Background

The Court bases this Order on the following facts from Plaintiff's Complaint, *Ex Parte* Application, and supporting evidentiary submissions.

Louis Vuitton is a foreign business entity organized under the laws of the Republic of France with its principal place of business in Paris, France. (Compl. ¶ 2.) Louis Vuitton is engaged in the manufacture, promotion, distribution, and sale in interstate commerce, including within this Judicial District, of high quality products under the Louis Vuitton trademarks. See Declaration of Nikolay Livadkin in Support of Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction and Plaintiff's *Ex Parte* Application for Order Authorizing Alternate Service of Process ["Livadkin Decl."] ¶¶ 4-5.

Louis Vuitton is, and at all times relevant hereto has been, the owner of all rights in and to the following federally registered trademarks:

| Trademark | Registration No. | Registration Date |
|---|---|---|
| ■ | 0,297,594 | September 20, 1932 |
| LOUIS VUITTON | 1,045,932 | August 10, 1976 |
| LV | 1,519,828 | January 10, 1989 |
| LV | 1,938,808 | November 28, 1995 |
| LOUIS VUITTON | 1,990,760 | August 6, 1996 |
| ✧ | 2,177,828 | August 4, 1998 |
| ⊕ | 2,181,753 | August 18, 1998 |
| LV | 2,361,695 | June 27, 2000 |
| ■ LOUIS VUITTON PARIS | 2,378,388 | August 22, 2000 |
| ■ | 2,399,161 | October 31, 2000 |

| Mark | Registration No. | Date |
|---|---|---|
| ■ | 2,421,618 | January 16, 2001 |
| ◈ | 2,773,107 | October 14, 2003 |
| ⊙ | 3,023,930 | December 6, 2005 |
| ◈ | 3,051,235 | January 24, 2006 |

(collectively the "Louis Vuitton Marks") which are registered in International Classes 9, 14, 18 and 25, and are used in connection with the manufacture and distribution of, among other things, handbags, wallets, shoes, belts, jewelry, watches, and sunglasses. Livadkin Decl. ¶ 4; *see also* United States Trademark Registrations of the Louis Vuitton Marks at issue ["Louis Vuitton Trademark Registrations"] attached as Composite Exhibit A to the Livadkin Decl.

Defendants have advertised, offered for sale, and/or sold at least handbags, wallets, shoes, belts, jewelry, watches, and sunglasses, bearing what Plaintiff has determined to be counterfeits, reproductions, and/or colorable imitations of the Louis Vuitton Marks. Livadkin Decl. ¶¶ 9-14; Declaration of Eric Rosaler in Support of Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction and Plaintiff's *Ex Parte* Application for Order Authorizing Alternate Service of Process ["Rosaler Decl."] ¶¶ 4-6 and Composite Exhibits A through C attached thereto. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, and/or colorable imitations of the Louis Vuitton Marks. Livadkin Decl. ¶ 9.

Plaintiff retained Eric Rosaler ("Rosaler") of AED Investigations to investigate suspected sales of counterfeit Louis Vuitton branded products by Defendants. Livadkin Decl. ¶ 10; Rosaler Decl. ¶ 3. In March 2011, Rosaler accessed the Internet website

3

operating under the domain name louisvuittonukonline.com and placed an order for the purchase of a Louis Vuitton branded wallet. Rosaler Decl. ¶ 4 and Composite Exhibit A attached thereto. Rosaler's purchase was processed entirely online, which included providing shipping and billing information, payment, and confirmation of his orders. Rosaler Decl. ¶ 4. Thereafter, Rosaler received a package containing the Louis Vuitton branded wallet purchased via the louisvuittonukonline.com website, which was shipped directly to his address in Aventura, Florida. Rosaler Decl. ¶ 6 and Composite Exhibit C thereto.

A representative of Louis Vuitton, Nikolay Livadkin, reviewed and visually inspected the louisvuittonukonline.com web page listings, as well as detailed photographs of the Louis Vuitton branded wallet purchased by Rosaler, and determined the item was a non-genuine Louis Vuitton product. Livadkin Decl. ¶ 11. Additionally, Mr. Livadkin reviewed and visually inspected the items bearing the Louis Vuitton Marks offered for sale on the Internet websites operating under the Subject Domain Names and determined the products were non-genuine Louis Vuitton products. Livadkin Decl. ¶¶ 12-14.

## II.   Conclusions of Law

The declarations that Plaintiff submitted in support of its *Ex Parte* Application support the following conclusions of law:

A. Plaintiff has a very strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of handbags, wallets, shoes, belts, jewelry, watches, and sunglasses bearing counterfeits, reproductions, and/or colorable imitations of the Louis Vuitton

Marks, and that the products Defendants are selling are copies of Plaintiff's products that bear copies of the Louis Vuitton Marks on handbags, wallets, shoes, belts, jewelry, watches, and sunglasses.

B.    Because of the infringement of the Louis Vuitton Marks, Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. It clearly appears from the following specific facts, as set forth in Plaintiff's Complaint, *Ex Parte* Application, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers before Defendants can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted:

1.    Defendants are operating Internet businesses which advertise, offer for sale, and sell, at least handbags, wallets, shoes, belts, jewelry, watches, and sunglasses bearing counterfeit and infringing trademarks in violation of Plaintiff's rights;

2.    There is good cause to believe that more counterfeit and infringing jewelry, including handbags, wallets, shoes, belts, jewelry, watches, and sunglasses bearing Plaintiff's trademarks will appear in the marketplace; that consumers may be misled, confused, and disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products;

3.    There is good cause to believe that if Plaintiff proceeds on notice to Defendants on this *Ex Parte* Application, Defendants can easily and quickly transfer the registrations for many of the Subject Domain Names, or modify registration data and content, change hosts, and redirect traffic to other websites, thereby thwarting Plaintiff's ability to obtain meaningful relief;

5

4.  The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its reputation and goodwill as a manufacturer of high quality handbags, wallets, shoes, belts, jewelry, watches, and sunglasses, if such relief is not issued; and

5.  The public interest favors issuance of the temporary restraining order in order to protect Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as genuine goods of the Plaintiff.

Upon review of Plaintiff's Complaint, *Ex Parte* Application, and supporting evidentiary submissions, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's *Ex Parte* Application is **GRANTED**, according to the terms set forth below:

**TEMPORARY RESTRAINING ORDER**

(1) Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order are hereby temporarily restrained:

> a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Louis Vuitton Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and
>
> b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing the Louis Vuitton Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Louis Vuitton Marks, or any confusingly similar trademarks.

(2) Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order shall immediately discontinue the use of the Louis Vuitton Marks or any confusingly similar trademarks, on or in connection with all Internet websites owned and operated, or controlled by them including the Internet websites operating under the Subject Domain Names;

(3) Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order shall immediately discontinue the use of the Louis Vuitton Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendants, including the Internet websites operating under the Subject Domain Names;

(4) Defendants shall not transfer ownership of the Subject Domain Names during the pendency of this Action, or until further Order of the Court;

(5) The domain name Registrars for the Subject Domain Names are directed to transfer to Plaintiff's counsel, for deposit with this Court, domain name certificates for the Subject Domain Names;

(6) The top-level domain (TLD) Registries for the Subject Domain Names, within ten (10) days of receipt of this Temporary Restraining Order shall change the

7

registrar of record for the Subject Domain Names to a holding account with the United States based Registrar, GoDaddy.com, Inc. Upon transfer of the Subject Domain Names into the holding account, GoDaddy.com, Inc. will hold the Subject Domain Names in trust for the Court during the pendency of this action. Additionally, GoDaddy.com, Inc. shall immediately update the Domain Name System ("DNS") data it maintains for the Subject Domain Names, which links the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where a copy of the Complaint, Summonses, and Temporary Restraining Order and other documents on file in this action are displayed. Alternatively, GoDaddy.com, Inc. may institute a domain name forwarding which will automatically redirect any visitor to the Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/wang/index.html whereon a copy of the Complaint, Summonses, and Temporary Restraining Order and other documents on file in this action are displayed. After GoDaddy.com, Inc. has effected this change the Subject Domain Names shall be placed on Lock status, preventing the modification or deletion of the domains by the registrar or the Defendants;

(7) Plaintiff may enter the Subject Domain Names into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by Defendants which redirect traffic to the counterfeit operations to a new domain name and thereby evade the provisions of this Order;

(8) Defendants shall preserve copies of all their computer files relating to the use of any of the Subject Domain Names and shall take all steps necessary to retrieve

computer files relating to the use of the Subject Domain Names that may have been deleted before the entry of this Order;

(9) This Temporary Restraining Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated to by the parties;

## BOND TO BE POSTED

(10) Pursuant to 15 U.S.C. § 1116(d)(5)(D), Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint. Plaintiff shall post the bond prior to requesting the Registry to transfer control of the Subject Domain Names;

## PRELIMINARY INJUNCTION

(11) A hearing is set before this Court in the United States Courthouse located at 299 East Broward Blvd, Ft. Lauderdale, Florida, Courtroom 203, on April 29th, 2011, at 11:00 a.m. on Plaintiff's Motion for a Preliminary Injunction restraining Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants from engaging in the activities that are subject of the above Temporary Restraining Order;

(12) Plaintiff shall serve a copy of the *Ex Parte* Application and this Order on Defendants via their known e-mail addresses; specifically, upon Defendant Wang at the e-mail addresses at louisvuittonoutlet.cc@gmail.com, chicken23@163.com, diandian101@gmail.com, ihbc163@hotmail.com, merryt400@gmail.com, and xiaozxin@hotmail.com; and Defendant Da Wei at the email at

louisvuittonoutlet.cc@gmail.com and wellwade03@gmail.com. In addition, Plaintiff shall post a copy of the *Ex Parte* Application and this Order on the website located at http://servingnotice.com/wang/index.html, upon transfer of the Subject Domain Names into the holding account with GoDaddy.com, Inc., and such notice so given shall be deemed good and sufficient service thereof. Any response or opposition to Plaintiff's Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel, and filed with the Court, along with Proof of Service, no later than forty-eight (48) hours prior to the hearing set for 11:00 a.m. on April 29, 2011. Plaintiff shall file any Reply Memorandum on or before 5:00 p.m. on April 28, 2011. Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116(d) and Fed. R. Civ. P. 65.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this 22nd day of April, 2011.

*/s/ James I. Cohn*
JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to counsel of record

## SCHEDULE "A"
## SUBJECT DOMAIN NAMES

1. advreplicawatches.com
2. bbsreplicawatches.com
3. bestwatchesstore.com
4. buycasiowatches.com
5. buylouisvuittonshoes.com
6. buyreplicawatch.net
7. cheapwatches6.com
8. cheapwatches7.com
9. cheapwatches8.com
10. cheapwatches9.com
11. handbags-louisvuitton.com
12. itisreplicawatches.com
13. louisvuitton2009.com
14. louisvuitton4handbags.com
15. louisvuittonbags.org
16. louisvuitton-club.com
17. louisvuittonfashion.com
18. louisvuittongucci.com
19. louisvuitton--handbags.com
20. louisvuittonlove.com
21. louisvuittonlover.com
22. louisvuittononline2011.com
23. louisvuittononline2011.net
24. louisvuittononsale.com
25. louisvuittonoutlet.cc
26. louisvuitton-outlet.com
27. louisvuitton--outlet.com
28. louisvuittonoutlet.eu
29. louisvuittonoutlet1854.com
30. louisvuittonoutlet-1854.com
31. louisvuittonoutlet2010.com
32. louisvuittonoutlet2011.com
33. louisvuitton-outlet-2011.com
34. louisvuittonoutlet2011.net
35. louisvuittonoutlet-2011.net
36. louisvuittonoutlet4u.net
37. louisvuittonoutlet-lv.com
38. louisvuittonoutletonline2011.net
39. louisvuittonoutlet-sale.com
40. louisvuittonoutletsale.org
41. louisvuittonoutletsale2011.com
42. louisvuittonoutletshoppe.com
43. louisvuittonoutlet-shoppe.com

44. louisvuittonoutletshoppe.net
45. louisvuittonoutlet-store.net
46. louisvuitton-outlet-store.net
47. louisvuittonoutletstore2011.com
48. louisvuittonoutletstyle.com
49. louisvuittonoutlet-style.com
50. louisvuittonoutletstyle.net
51. louisvuittonoutletvip.com
52. louisvuittonoutlet-vip.com
53. louisvuittons.org
54. louisvuittonsale.net
55. louisvuittonshop.net
56. louisvuitton-shop.org
57. louisvuittonsonline.com
58. louisvuitton-store.com
59. louisvuitton-tw.com
60. louisvuittonukonline.com
61. louisvuittonukonline.net
62. louisvuittonukoutlet.com
63. luxurywatches200.com
64. lvhandbagsale.com
65. lv-louisvuittonoutlet.com
66. menluxurywatches.com
67. mylouisvuitton.com
68. my-louisvuitton.com
69. mylouisvuitton.net
70. mylouisvuittons.com
71. ofreplicawatches.com
72. replicawatchesusa.com
73. replic-watches.com
74. sale-louisvuitton.com
75. selllouisvuitton.com
76. solouisvuitton.com
77. uselv.com
78. viewreplicawatches.com
79. vintagewatchesforsale.com
80. watchesbrandsale.com
81. watcheseshop.com